UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                                  :
TIMOTHY A. BAKER,                                 :        CASE NO. 5:04-cv-1953
                                                  :
                    Plaintiff,                    :        THE HONORABLE JAMES S. GWIN
                                                  :
vs.                                               :        ORDER AND OPINION
                                                  :        [Resolving Doc. No. 1]
WARDEN                                            :
                                                  :
                    Defendant.                    :
                                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

　　　　With his petition, Petitioner Timothy A. Baker seeks habeas corpus relief from a state court

sentence of life in prison.  The state court imposed the sentence following Baker's conviction for

felonious sexual penetration in violation of Ohio Revised Code ("O.R.C.") § 2907.12 and two counts

of gross sexual imposition in violation of O.R.C. § 2907.05.  [Doc. 11 Ex. 1.]  Respondent Rich

Gansheiner, Warden, has filed a motion to dismiss the Petition [Doc. 9].

　　　　On April 18, 2005, Magistrate Judge Nancy A. Vecchiarelli issued a Report and

Recommendation (hereinafter the "Report") recommending the Court grant the Respondent's motion

to dismiss Baker's petition.  Baker filed a timely objection [Doc. 17].  For the reasons discussed

below, the Court GRANTS the Respondent's motion to dismiss the Petition and ADOPTS the

magistrate judge's Report and Recommendation.

Case No. 5:04-cv-1953
Gwin, J.

## I.  Background

In 1997, a Summit County grand jury returned a three-count indictment charging Baker with one count of felonious sexual penetration in violation of O.R.C. § 2907.12 and two counts of gross sexual imposition in violation of O.R.C. § 2907.05.  [Doc. 11, Ex. 1.]  A jury found him guilty on all counts.  (*Id.*)  The trial court sentenced Baker to concurrent prison terms of life for felonious sexual penetration and four years each for the gross sexual imposition counts (*Id.*)

Baker appealed the conviction to the Ohio Court of Appeals [Doc. 11, Ex. 3].  On December 7, 1998, the appeals court affirmed the conviction.  (*Id.*)  On December 17, 1998, Baker filed a motion for reconsideration in the Court of Appeals.  [Doc. 11, Ex. 4.]  On January 5, 1999, the Court of Appeals denied the motion.  Baker appealed his conviction to the Ohio Supreme Court [Doc. 11, Ex. 5].  The Court denied Baker's leave to appeal and dismissed the appeal as not involving any substantial question.  (*Id.*)

On September 27, 2004, the Petitioner filed the instant *pro se* petition for writ of habeas corpus.  With his habeas petition, Baker alleges that new evidence that he discovered after trial proves his innocence. The new evidence comprises affidavits of his sisters Carol Swanger and Michelle Baker, an affidavit of Sylvia Wayne, and a report from a handwriting expert.

In her Report, the magistrate judge recommends dismissing Petitioner Baker's writ of habeas corpus because Baker did not timely file it.  Alternatively, the magistrate finds that the new evidence that Baker presented fails to meet the standard for "actual innocence" to overcome the statute of limitations. Baker timely objected to the Report.

Case No. 5:04-cv-1953
Gwin, J.

## II.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs the standard for federal habeas corpus review of state court decisions.  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the state court adjudication meets one of two requirements: (1) it "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States"; or (2) it "resulted in a decision that was based upon an unreasonable [application] of the facts in light of the evidence presented in the state court proceeding."  *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001) (emphases added) (citing 28 U.S.C. § 2254(d)).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of a law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 3622 (2000)).

Under the second prong, the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Broom v. Mitchell*, 2006 WL 664438, at *3 (6th Cir. Mar. 17, 2006).  The Sixth Circuit holds that even if a federal court determines that a state court incorrectly applied federal law, the court may not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Case No. 5:04-cv-1953
Gwin, J.

Moreover, under either prong, a court cannot grant habeas relief unless the error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.  *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998).  The Court must accept as valid a state court's interpretation of the statues and rules of practice of that state.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Finally, a court presumes the factual findings of a state court to be correct.  A federal court may only diverge from a state court's factual finding if the petitioner shows by clear and convincing evidence that the findings are erroneous. *See* 28 U.S.C. § 2254(e)(1).

For a district court reviewing a Report and Recommendation's findings where one party has objected, the proper standard of review is *de novo*.  *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1998).  The Court therefore reviews the magistrate's Report *de novo*.[1]

### III.  Analysis

The Respondent argues that the court should dismiss Baker's petition because the statute of limitations has expired.  Baker disagrees for several reasons.  The Court addresses the party's arguments in turn.

First, Baker contends that the Court must consider his petition because he timely filed it.  The AEDPA sets the statute of limitations for filing a petition for habeas relief.  The Act states that a one

---

[1] Baker's objection [Doc. 17] did not raise any specific objections to the magistrate's Report, instead merely stating his "objection to [sic] complete recommendation."  Normally, such an unspecific objection would be insufficient to invoke the petitioner's right to review.  *King v. Zamiara*, 150 Fed. Appx. 485, 496 (6th Cir. 2005)  ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review . . . ." (citing *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).  However, as a *pro se* litigant, Petitioner Baker's objection must be afforded some leniency.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that "courts must apply 'less stringent standards' in determining whether pro se pleadings state a claim for which relief can be granted" (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The Court therefore reviews the magistrate's Report *de novo*.

Case No. 5:04-cv-1953
Gwin, J.

year period of limitations shall apply for filing a habeas petition, running from:

> (d)(1) A one year period of limitations shall apply to the filing of an
> application for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>>
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>>                          * * *
> (2) The time during which a properly filed application for State
> postconviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (D), (2).

**A.  Judgment Became Final**

Because Baker filed his habeas petition after the effective date of the AEDPA, he had one

year from the date on which judgment became final by the conclusion of direct review or the

expiration of the time seeking such review to file his habeas petition. *Id.* § 2244(d)(1); *Austin v.*

*Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).

On September 1, 1999, Baker's conviction became final by conclusion of direct review.

From this date, Baker had ninety days to file a properly filed appeal.  Although Baker filed several

petitions, the courts deemed them improper because they were either time-barred or failed to raise

a genuine issue.  Thus, on December 1, 1999, Baker's one year statute of limitations to bring his

habeas corpus petition began to run. No action that Baker took tolled this time period because none

of his subsequent motions were "properly filed."  Therefore, the one year statute of limitations for

Baker's habeas petition expired on December 1, 2000.  Baker's habeas petition, filed on September

Case No. 5:04-cv-1953
Gwin, J.

27, 2004, is therefore time-bared because he failed to file his petition before the expiration of this

time period.

## B.  Recent Discovery of New Evidence

Baker also says that his Petition is timely under § 2244(d)(1)(D) because he recently

discovered new evidence exonerating him.  To calculate the applicable time period upon discovery

of new evidence, the court uses the date on which a petitioner *should* have learned of the new

evidence, had he exhibited reasonable care.  *Lott v. Coyle*, 261 F.3d 594, 605 (6th Cir. 2001). The

habeas petitioner has the burden of proving he exercised due diligence.  *Id.*

A petitioner requesting a new trial based on newly discovered evidence must demonstrate

that: (1) new evidence was discovered after trial; (2) evidence could not have been discovered earlier

with due diligence; (3) evidence is material and not merely cumulative or impeaching; and (4)

evidence would have likely produced an acquittal. Fed. R. Crim. P. 33.

The new evidence that Baker submits includes: (1) affidavits of Baker's three sisters, Carol

Swonger, Sylvia Wayne, and Michelle Baker; (2) a report from a handwriting expert; and (3)

psychological reports of the victim from 1990-91.

In his Petition, Baker offers no explanation for why he could not have discovered this

evidence before trial.  However, even assuming, *arguendo*, that this evidence could not have been

discovered earlier with due diligence, Baker's Petition would still be time-barred.

Assuming that the one-year statute of limitations ran from the most recent date that he

submitted the above evidence, it would have begun to run on January 13, 2000 (when Baker filed

the Wayne and Baker affidavits and the handwriting expert report).  Even if the time did not start

Case No. 5:04-cv-1953
Gwin, J.

running until February 27, 2000 (thirty days after the court denied Baker's motion to vacate), his

motion was still untimely.[2/]

## C.  New Evidence Shows Actual Innocence

Even if his petition would otherwise be untimely, Baker says that the evidence he discovered

proves that he is actually innocent.  As a result, he says, the so-called "actual innocence" exception

to the statue of limitations should apply and the Court should consider his petition.[3/]

To satisfy the actual innocence exception, a petitioner must submit new and reliable evidence

showing that a constitutional violation probably resulted in conviction despite the petitioner's

innocence.  *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1191 (E.D. Mich. 2001) (citing *Schlup*

*v. Delo*, 513 U.S. 298, 324 (1995) (describing actual innocence standard in another context)).  The

petitioner must show that, in light of the new evidence, it is more likely than not that no reasonable

juror would have convicted him .  *Id.*

Baker submitted the evidence described above during prior review.  He submitted Swanger's

affidavits to the state court on March 4, 1999 in support of his Rule 26(B) application.  On January

13, 2000, he submitted the other affidavits and the handwriting expert's report to the state trial court

to support his petition to vacate the conviction.  He submitted the psychological reports on July 3,

2000 to supplement his motion for a new trial.

---

[2/] See Report & Recommendation chart 6-7 for a graphical illustration of the relevant time line.

[3/] The Sixth Circuit has not determined whether an actual innocence exception to the AEDPA's statute of limitations exists.  *See Allen v. Yukins*, 366 F.3d 396, 404-05 (6th  Cir. 2004).  In *Allen*, the Sixth Circuit declined to adopt the exception because it was unnecessary to determine the issue; the court found that regardless of whether there existed such an exception, the petitioner had failed to prove that no reasonable juror could have found him guilty beyond a reasonable doubt.  *Id.*
    One other district court in the Sixth Circuit has found that the Constitution demands an actual innocence exception.  *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1190 (E.D. Mich .2001).  Because the issue is unresolved in this circuit, this Court will proceed on the assumption that the exception exists.

Case No. 5:04-cv-1953
Gwin, J.

In his affidavit, Swanger asserts that the victim told her that she was having her period at the time of the alleged incident. Michelle Baker stated that when she asked the victim whether anyone had ever touched her inappropriately, the victim indicated that she had not.  Lastly, Wayne said that the victim was overheard questioning a friend about what would happen if someone was found to have lied during a lie-detector test.

The handwriting expert compared the handwriting in the Notice of Constitutional Rights with the writing on the Voluntary Statement.  In his report, the expert noted both similarities and differences between the two pieces.  However, the handwriting expert's report fails to provide any conclusions regarding the author of the signature.  Rather, the expert stated that he would need to examine the original documents to reach a more definite conclusion.  Moreover, he said that such an examination could still establish that Baker signed the notice.

Baker must prove that in light of the new evidence, no reasonable juror could have found the petitioner guilty beyond a reasonable doubt.  After reviewing the facts as the Court of Appeals found them, the new evidence that Baker provides fails to meet this standard.  The "new" evidence purporting to show Baker's innocence is either inconclusive or is largely duplicative of other previously submitted evidence.

Therefore, Baker has failed to establish that in light of the new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt.   The "actual innocence" exception to the statute of limitations–whatever its validity–cannot save the Petitioner here.

Case No. 5:04-cv-1953
Gwin, J.

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Vecchiarelli's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court therefore **GRANTS** the Respondent's motion to dismiss the Petition.

IT IS SO ORDERED.


Dated: March 30, 2006                              s/          *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE